IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SCOTT P. ENDICOTT, #S-11054,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 11-cv-0262-MJR |
| | ) |
| **CHARLIE BECHER and** | ) |
| **BRIAN HANSON,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate currently in the Stateville Correctional Center, was at all times relevant to this action housed in the Clinton County Jail. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds that Plaintiff's claims survive review.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1).  On February 6, 2009, Plaintiff was arrested and then incarcerated in the Clinton County Jail.  Plaintiff was placed in a cell with 3 other inmates.  One of those inmates, Peter Flores, threatened Plaintiff with bodily harm because of the offense with which Plaintiff was charged.  Hanson then took Plaintiff to an interrogation room.  On the way to that room, Plaintiff informed Hanson of Flores's threat and stated that he was afraid for his life.

During the interrogation, Plaintiff also told Becher of the threat and that he feared for his life.  Plaintiff asked both Defendants to place him in a different cell, away from Flores.  However, these pleas went unheeded, and Plaintiff was returned to the same cell.  Roughly 10 minutes later, Plaintiff was attacked by Flores.

Plaintiff suffered a black eye, split lip, scrapes, bruises and loosened teeth in the attack. Plaintiff complained to Hanson about the pain caused by these injuries and asked for medical attention.  Hanson responded by providing Plaintiff with Tylenol but denied further care.  Plaintiff then asked for a form to file a grievance, but this request was also denied.

During his stay in the jail, Plaintiff began suffering from mental health issues and, as a result, was placed on psychotropic medication.  Plaintiff attempted suicide twice and was twice stopped.  Plaintiff asked for medical treatment for his mental illness, but Hanson denied this request.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:    Failure to Protect**

Plaintiff alleges that Defendants Becher and Hanson failed to protect him from a known risk when Plaintiff made them aware of Flores's threats, but they refused to place Plaintiff in a different cell, away from Flores. Jail officials have a duty to protect pretrial detainees from violence caused by other inmates. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). However, liability attaches only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable steps to abate it." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Thus, to prevail on this claim, Plaintiff must show that he was at risk of harm, and that the Defendants knew of this risk and disregarded it. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

Plaintiff alleges that Flores threatened him with bodily harm and that 10 minutes later Hanson came to escort Plaintiff to another part of the jail for questioning. While he was being escorted, Plaintiff informed Hanson of the threat and specifically stated that he was afraid for his life. At this point, Hanson became aware of the risk of harm that would result were Plaintiff to be returned to his cell with Flores.

During the interrogation, Plaintiff made Becher aware of the threats as well, and again stated that he feared for his life. Becher was at that point also aware of the harm that could result were Plaintiff returned to the cell with Flores. Neither of these Defendants took any measures to mitigate this risk and instead returned Plaintiff to the same cell where he had been threatened. The fact that Plaintiff was then attacked by the inmate who made threats is a clear indication of the harmful situation in which Plaintiff was knowingly placed. Because the risk of harm existed and because Plaintiff made Defendants Hanson and Becher aware of the risk, this claim will proceed.

**COUNT 2**: **Deliberate Indifference**

Plaintiff also alleges that Hanson was indifferent to Plaintiff's need for medical care in two different ways. The first instance occurred after the attack by Flores. The second instance occurred when Hanson twice refused to get Plaintiff the mental health care that he needed.

Although the Eighth Amendment applies only to convicted persons, pretrial detainees like Plaintiff are entitled to the same basic protections under the Fourteenth Amendment's due process clause. *See Williams v. Romana,* 411 F. App'x 900, 901 fn.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference based on inadequate medical care, a detainee must show that (1) he suffered an objectively serious harm which created a substantial risk to his safety; and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson* 300 F.3d at 764-65. Because Plaintiff makes two claims for deliberate indifference, the Court will consider these separately below.

### A. Post-attack injuries

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). Plaintiff alleges that in the attack, he sustained a black eye, split lip, scrapes, bruises and loosened teeth. Plaintiff's injuries would be readily visible on his face, and a layperson would recognize that Plaintiff's injuries were painful and warranted medical attention. As such, Plaintiff has sufficiently alleged that he was suffering from a serious medical need.

Plaintiff must also allege that Hanson was aware of the risk that Plaintiff's injuries posed and intentionally disregarded it. Plaintiff alleges that Hanson recognized Plaintiff's need for treatment for his pain and that Hanson provided Plaintiff with Tylenol to treat the pain. This does not evidence a desire on Hanson's part to allow Plaintiff's pain to continue but instead shows an attempt to treat the issue. Although Plaintiff may have desired a stronger or even a different medication, this does not raise a deliberate indifference claim. *See Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005) (disagreement with medical treatment does not state a claim for deliberate indifference).

However, where treatment is clearly inadequate or inappropriate, the intention behind the mistreatment can be inferred. *See Edwards v. Snyder*, 478 F.3d 827 (7th Cir. 2007); *Greeno*, 414 F.3d at 654; *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998). Although Hanson provided Plaintiff Tylenol for his pain, there is no indication in the record that Hanson took any further steps, such as ensuring that he be seen by a medical professional. While Tylenol may have lessened the pain, it may not have treated the cause of the pain (the black eye, split lip, etc.),

for which professional medical treatment was necessary. It is not clear at this point whether Plaintiff's injuries warranted further treatment, or whether the Tylenol provided by Hanson was so inadequate to treat Plaintiff's injuries that it amounted to an intentional mistreatment. For these reasons, this claim survives review.

### B. Mental health

Plaintiff alleges that Hanson was deliberately indifferent to Plaintiff's medical needs when he refused to provide Plaintiff with mental health care.[1] As stated above, pretrial detainees have a right to medical treatment for serious medical conditions. *See Williams v. Rodriguez,* 509 F.3d 392, 401 (7th Cir. 2007). This need for care includes treatment for mental health conditions. *Williams v. Cnty. of Cook*, No. 09-C-0952 , 2010 WL 3324718, *8 (N.D. Ill. Aug. 19, 2010) (discussing *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)); *Paine v. Johnson*, 689 F. Supp. 2d 1027, 1061 (N.D. Ill. 2010) ("A serious mental illness, like any serious medical condition, requires treatment appropriate to the situation"). Plaintiff's mental health issues, which included two attempts at suicide, constituted a serious health condition for which care was necessary.

As discussed above, not only must Plaintiff's mental health present a serious condition requiring treatment, but Hanson must have been aware of the need for treatment before a claim for deliberate indifference is sufficiently raised. Plaintiff explains that he twice attempted to end his own life, once by ingesting prescription pills, and a second time by slicing open his wrist. Plaintiff

---

[1] Generally, courts will not allow unrelated claims to be brought in the same case. Although Plaintiff's claims here do not seem to be related to his other claims, the Federal Rules of Civil Procedure allow a plaintiff to bring all claims against a defendant in one suit. FED. R. CIV. P. 18(a). Thus, because Hanson was named as a defendant in Plaintiff's other claims, he can bring this claim against Hanson in the same suit.

further states that Defendant Hanson played a part in the unsuccessful completion of at least one of these suicide attempts, making Defendant Hanson aware of Plaintiff's mental state. After each attempt, Plaintiff asked Defendant Hanson to make mental health care available, but each time Defendant Hanson refused Plaintiff's requests, knowing that Plaintiff had attempted suicide. At this point it is not clear whether Defendant Hanson disregarded Plaintiff's pleas for mental health treatment because of negligence, or in an attempt to allow Plaintiff to cause himself further harm. This question cannot be answered at this stage of the litigation, and for this reason, this claim survives review.

**Potential Additional Claims:**

As a final matter, the Court notes that Plaintiff alleges "[t]hat said defendant also denied any form of grievance that Mr. Endicott asked for." The Court cannot determine, and will not speculate, whether Plaintiff intended this to be an additional claim and, if so, what the nature of the claim is. If Plaintiff wishes to state a claim based on this allegation, he must- by **October 28, 2011**- file an amended complaint properly setting forth a short and plain statement of the claim showing that he is entitled to relief. **FED. R. CIV. P. 8(a)(2)**. If Plaintiff does not file an amended complaint by the deadline, this action will proceed on the claims discussed above.

**Disposition:**

Because Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this action, the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants. Instead, it is Plaintiff's responsibility to have Defendants **HANSON** and **BECHER** served with a summons and copy of the complaint pursuant to Federal Rule of Civil Procedure 4. The Plaintiff is advised that only a non-party may serve a summons. FED. R. CIV. P.

4(c)(2). The Court recognizes that as Plaintiff is incarcerated in a different institution from the location where his claims arose, he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m). If Plaintiff desires to request the appointment of the United States Marshal to serve process on the Defendants, Plaintiff shall file a motion for service of process at government expense, **within 45 days** of the date of entry of this order. The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for Defendants **HANSON** and **BECHER.** The Clerk shall forward the summonses and sufficient copies of the complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.

Plaintiff is **ORDERED** to serve upon Defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address

shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED this 28th day of September, 2011**

                                          **s/ MICHAEL J. REAGAN**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**